**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Russell W. BURGIN, Respondent.**

**No. 2013–SC–000689–KB.**

Supreme Court of Kentucky.

Nov. 21, 2013.

**OPINION AND ORDER**

The Respondent, Russell W. Burgin,[1] is alleged to have committed one violation of the Rules of Professional Conduct. A trial commissioner appointed by the Chief Justice has heard the matter, found that Burgin committed the violation, and recommended that he be suspended from the practice of law for 60 days, with 30 days of that suspension probated on certain condi-

tions. This Court adopts the recommendation.

### I. Background

The present case stems from KBA File 19913, which concerns the following facts.

Burgin agreed to represent Gloria Golden in a personal-injury action. In late 2007, he settled her claim for $5,000. He received a settlement check dated December 12, 2007 and made payable to Golden. During the litigation, Medicaid had placed a lien upon the claim for medical expenses in excess of $3,000.

In early 2008, Golden signed the settlement check but was not given her portion of the settlement proceedings. Instead of depositing the check in his escrow account and then distributing the proceeds, Burgin placed the check in his file and left it there. He was unable to later explain why this occurred.

Shortly after, Golden was incarcerated, and Burgin lost contact with her. Golden was released about three years later. Soon after, she contacted Burgin and stated that she wished to finalize the personal-injury matter. Burgin located the file but did not notice the settlement check.

Golden filed a bar complaint against Burgin in May 2011. Over the next 11 months, Bar Counsel communicated with Burgin but received neither a satisfactory explanation of what had happened nor proof that the matter was resolved. In April 2012, the Inquiry Commission issued a formal charge with one count alleging a violation of SCR 3.130–1.3 for Burgin's lack of reasonable diligence and promptness in handling the settlement check and the Medicaid lien.

---

1. Burgin's KBA Member Number is 88688 and his Bar roster address is 1249 S. Main St., Suite 3, London, Kentucky 40741. He was admitted to the Kentucky Bar on May 1, 2001.

After the charge was issued, Burgin presented his file to Bar Counsel. At that time, the original, by-then-stale settlement check was discovered. Burgin stated he had taken steps to resolve the matter by seeking to have a replacement check issued and to satisfy the Medicaid lien. However, he failed to notify Bar Counsel of his actions as requested.

Apparently, Burgin had not actually taken steps to get the check reissued and did so only when asked to do so by Bar Counsel. Finally, in November 2012, he contacted the defense attorney in the personal-injury case and provided the original check as proof that it had not been cashed. A replacement check was issued on February 25, 2013, and mailed to Burgin on March 5, 2013.

Burgin paid all $5,000 of the settlement proceeds to Golden, having had the check made payable only to her. He did not take a fee and has stated that he will satisfy the Medicaid lien out of his own funds, though he had not done so at the time of the disciplinary hearing in this matter.

The case was heard by a trial commissioner in May 2013. After the hearing, Bar Counsel submitted its post-hearing statement. Burgin, however, had some difficulty in submitting his statement, which was due on August 8, 2013. He initially emailed what purported to be a copy of the statement, but that file proved unopenable and appeared to be nothing but "a gibberish of codes and symbols." No hard copy followed, despite Burgin's assurances that one would, nor was one filed with the disciplinary clerk. The trial commissioner and Bar Counsel tried to

contact Burgin several times via email and telephone, but they received no response until August 21, when Burgin emailed both stating that he had just received their emails and that his post-hearing statement would be forthcoming. Unfortunately, nothing came. The trial commissioner contacted the disciplinary clerk on August 26, the date when any reply or rebuttal would have been due, to confirm that no statement had been filed. It had not.

At that point, the trial commissioner decided to proceed with preparing his report, noting that "any Post Hearing Statement of the Respondent [Burgin] filed thereafter would be rejected as untimely and the Respondent [is] required to stand upon the record, without written comment." The commissioner noted: "This in and of itself speaks volumes."

The trial commissioner then issued a report with findings of fact consistent with the facts described above. The commissioner concluded that Burgin should have deposited the settlement check into escrow immediately after his client endorsed it, and that all his actions from that point on were untimely. The commissioner also concluded that Burgin "was unable to offer any reasonable explanation as to his continued delay."

The commissioner also noted that Burgin's failure to satisfy the Medicaid lien once the replacement check was issued, including his disbursement of the entire amount of the settlement proceeds without reserving funds for the lien, was a further, uncharged violation of SCR 3.130–1.15(b) & (c).[2] The commissioner noted that he considered this fact.

2. Those provisions state:
(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client, third person, or both in the event of

claims by each to the property. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, third person, or both in the event of a claim by each to the property, a lawyer shall

The commissioner noted that Burgin was truthful and sincere, and "basically admitted to the factual allegations in the Charge ... and merely argued that ... [they] did not rise to the level of a violation of the code of conduct." Nevertheless, the commissioner found that Burgin's conduct did violate the rule. In reaching that conclusion, the commissioner noted the length of time it took Burgin to discover the check and then request a replacement after the disciplinary action began, and Burgin's failure to keep Bar Counsel informed of his undertakings in addressing the problem. The commissioner then stated in his report that he "[wa]s left to wonder if the failure to notify the KBA of any of [Burgin's] undertakings was prudent in light of the potential consequences" and that this "further confirms [Burgin's] languid, if not cavalier, attitude with regard to his practice."

The commissioner then addressed the sanction to be imposed. He considered Burgin's disciplinary record, which included a private admonition in 2011 and a probated 30–day suspension in March 2012, *see Burgin v. Kentucky Bar Ass'n*, 362 S.W.3d 331 (Ky.2012). He also considered the facts that "there was eventually no harm to Ms. Golden," that Burgin took no fee, and that Burgin intended to satisfy the Medicaid lien. Weighing against this,

the commissioner considered what he described as the facts that "it is obvious that [Burgin] exhibits an extreme[ly] lackadaisical and disconcerting nature and lack of diligence in the performance of his practice," that "[h]is delays in taking any remedial action, despite potential for consequences, were inexcusable," and that "[h]is pattern of conduct leaves much to be desired and exhibits a clear violation of the duties owed to his client and the profession as a whole."

For these reasons, the commissioner recommended that Burgin be suspended from the practice of law for sixty days, with thirty days of the suspension probated for two years under the following conditions:

1. That Burgin "attend and complete a business management education program/seminar/class, processed through and approved by the office of Bar Counsel within one (1) year ... and which shall not be credited toward[ ] any Continuing Legal Education (CLE) hours"; [3]

2. That Burgin show proof to Bar Counsel that he had satisfied the Medicaid lien and, if he had not, that he personally and immediately pay the lien and provide proof that he had done so to Bar Counsel; [4] and

promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.
(c) When in the course of representation a lawyer is in possession of property in which two or more persons (one of whom may be the lawyer) claim interests, the property shall be kept separate by the lawyer until the dispute is resolved. The lawyer shall promptly distribute all portions of the property as to which the interests are not in dispute.

3. The commissioner noted in passing that Burgin had already been ordered to attend the Office of Bar Counsel's Ethics and Professionalism Enhancement Program.

4. The trial commissioner also stated that the Office of Bar Counsel should look into whether Burgin's previously probated suspension should be revoked. Bar Counsel has already brought that matter to this Court's attention, and the revocation request was denied because the present disciplinary proceedings began before the April 2012 probated revocation was ordered.

3. That Burgin pay the costs of the proceedings.

## II. Adoption of Recommendation and Order

 No appeal of the trial commissioner's recommendation, as allowed under SCR 3.360, .365, and .370, was sought, either by Burgin or Bar Counsel. As a result, this matter was submitted directly to this Court without going before the Board of Governors. *See* SCR 3.360(4).[5] Because the trial commissioner's findings and conclusions are supported by the record and the law, and because the recommended sanction is appropriate in light of Burgin's history of prior discipline, except as to one part of the sanction, this Court elects not to review the recommendation of the trial commissioner as allowed under SCR 3.370(8). The recommendation of the trial commissioner is therefore adopted pursuant to SCR 3.370(9), except as follows.

 This Court concludes that the recommendation that Burgin be required to attend a business-management education program is inappropriate. When additional education is included in a sanction, it is an educational program about ethics or substance abuse that has been developed by the Office of Bar Counsel or KYLAP, and which has been approved by this Court. The Office of Bar Counsel cannot be expected to develop and approve remedial courses on business management, nor should it be required to vet the large number of such course offerings from outside sources. Ordering a lawyer "back to school" is simply not an appropriate disciplinary sanction.

Instead, an appropriate course would be the Ethics and Professional Enhancement Program offered by the Office of Bar Counsel, that we have approved. This program focuses on the ethical requirements of the practice of law, and serves to remind sanctioned lawyers of their ethical obligations. While failures in the business management of a law office can lead to ethical problems, as in this case, it is not the mission of this Court or the Office of Bar Counsel to make sure that lawyers are fluent in business management or to police business practices directly.

 This Court and the Office of Bar Counsel are responsible only for regulating the behavior of lawyers in the context of their ethical requirements. Requiring a lawyer to attend a business-management program is beyond the purview of that responsibility. Additionally, ordering such a requirement is beyond the bailiwick of both the Court and the Office of Bar Counsel, which may not be equipped to process or supervise an attorney's participation in such a program.

For these reasons, this Court declines to adopt the educational portion of the trial commissioner's recommendation. *Cf. Kentucky Bar Ass'n v. Sebastian,* 353 S.W.3d 616, 621 (Ky.2011) (declining to adopt recommendation that lawyer be required to audit a law school course). Ordinarily, this Court would order the lawyer's attendance at the Office of Bar Counsel's Ethics and Professionalism Enhancement program in lieu of the trial commissioner's other educational recommendation. *See id.* Burgin, however, has already been ordered to attend that program in another case.

---

5. SCR 3.360(4) refers to the Court entering a "final order pursuant to SCR 3.370(10)" in such circumstances. SCR 3.370(10), however, does not provide for entering a final order; SCR 3.370(9) does. Thus, the reference to SCR 3.370(10) in SCR 3.360(4) is in error, either a scrivener's error or the result of a failure to amend that rule at some point when SCR 3.370 was amended.

Nevertheless, it is appropriate to further require Burgin's attendance at that program as already ordered and to condition his probation on that attendance to further guarantee that he completes the program. If he has not attended and completed the program or fails to attend and complete it within the time previously ordered, Bar Counsel will know and can inform this Court if Burgin fails to meet the requirement.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, Russell M. Burgin, is found guilty of having committed the violation of the Rules of Professional Conduct as described above.

(2) Burgin is suspended from the practice of law in the Commonwealth of Kentucky for sixty days, effective ten days from the issuance of this order; however, thirty days of that suspension are probated for two years on the following conditions:

 a. That Burgin attend and complete the Office of Bar Counsel's Ethics and Professionalism Enhancement Program as previously ordered, for which he shall not apply for any CLE or other credit, and that he provide a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential, such release to continue in effect for one year after he completes the course to allow Bar Counsel to verify that he has not reported any of the hours to the CLE Commission;

 b. That Burgin show proof to Bar Counsel that he has satisfied the Medicaid lien; and

 c. That Burgin pay the costs of the proceedings, as directed below.

(3) In accordance with SCR 3.450, Burgin is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $778.72, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: November 21, 2013.

/s/ John D. Minton, Jr.
 Chief Justice