TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000480-KB

FINAL
DATE 12-30-14 ᴇ.ₙᴀ Gₚₒᵤₙₜ P.C.

KENTUCKY BAR ASSOCIATION                                            MOVANT


V.                          IN SUPREME COURT


RUSSELL W. BURGIN                                              RESPONDENT


## OPINION AND ORDER

The Respondent, Russell W. Burgin,[1] is alleged to have committed five violations of the Rules of Professional Conduct. He did not respond to the bar complaint or the resulting formal charge, and thus this matter has proceeded as a default case under Supreme Court Rule 3.210. The Board of Governors has reviewed the matter and has recommended that Burgin be found guilty of all five counts and be suspended from the practice of law for 181 days. This Court accepts the recommendation.

### I. Background

The present case stems from KBA File 22264, which concerns the following facts.

Burgin represented Mae Francis Suchy as a plaintiff in a personal injury action in Knox Circuit Court. Suchy died during the pendency of the action,

---

[1] Burgin's KBA Member Number is 88688 and his Bar roster address is 1249 S. Main St., Suite 3, London, Kentucky 40741. He was admitted to the Kentucky Bar on May 1, 2001.

and Burgin continued to prosecute the case in the name of the estate's administrator, William R. Loman.

Burgin settled the case in July 2009. The settlement agreement called for the personal-injury defendant's insurance carrier to pay $20,000 by check to Burgin and the estate, and to hold $40,000 to pay Medicare to resolve its lien. Burgin failed to confirm the lien's resolution and failed to close out Suchy's estate once the Medicare lien was resolved.

The estate administrator, Loman, had difficulty contacting Burgin about the status of the case. Burgin failed to keep Loman updated about the status of the case and failed to respond to numerous requests for information from Loman.

Loman eventually sought advice about the estate from separate counsel. By letter dated July 30, 2013, attorney James E. Boyd wrote to Burgin and requested information about the status of the Suchy estate—four years after the personal-injury case was settled. Burin did not respond to this letter. Loman conducted an independent investigation, found that the Medicare lien had been satisfied, and closed the estate without Burgin's help.

Loman filed a sworn bar complaint against Burgin, and Burgin failed to respond. The Inquiry Commission issued a five-count formal charge against Burgin alleging the following violations:

1) SCR 3.130-1.3[2] by failing to act with reasonable diligence and promptness in dealing with the Suchy personal-injury matter and the Suchy estate.

2) SCR 3.130-1.4(a)(3)[3] by failing to keep Loman, the administrator of the estate, reasonably informed about the status of the matter.

3) SCR 3.130-1.4(a)(4)[4] by failing to promptly reply to Loman's reasonable requests for information.

4) SCR 3.130-1.16(d)[5] by failing to give reasonable notice to Loman that he had abandoned the matter and thereby ended the representation.

5) SCR 3.130-8.1(b)[6] for failing to respond to the bar complaint despite having been warned that the failure to respond could result in additional charges of misconduct under this rule.

Burgin did not answer the charge. As a result, this case proceeded directly to the Board of Governors as a default case. The Board voted

---

[2] "A lawyer shall act with reasonable diligence and promptness in representing a client." SCR 3.130-1.3.

[3] "A lawyer shall ... keep the client reasonably informed about the status of the matter ...." SCR 3.130-1.4(a)(3).

[4] "A lawyer shall ... promptly comply with reasonable requests for information ...." SCR 3.130-1.4(a)(4).

[5] "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law." SCR 3.130-1.16(d).

[6] "[A] lawyer ... in connection with a disciplinary matter ... shall not ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6." SCR 3.130-8.1(b).

3

unanimously (20–0) to find Burgin guilty of counts 1, 2, 3, and 5; the Board voted 17–3 to find Burgin guilty of count 4.

The Board then considered Burgin's history of discipline, which at this point is lengthy. In 2011, he received a private admonition in KBA File 18871. In March 2012, he was suspended from the practice of law for 30 days in KBA File No. 18048, probated for one year on the condition that he attend the Office of Bar Counsel's Ethics Professionalism and Enhancement Program (EPEP). *See Burgin v. Kentucky Bar Ass'n*, 362 S.W.3d 331 (Ky. 2012). In November 2013, he was suspended for 60 days in KBA File 19913, with 30 days probated for two years on various conditions, including that he attend the EPEP as previously ordered. As of the time of the Board's consideration, Burgin had not attended the EPEP.

Burgin's 30-day suspension in KBA File 19913 was set to expire automatically in December 2013. The Office of Bar Counsel objected to the automatic reinstatement under SCR 3.510(2) because the disciplinary process in this case had begun (presumably, only the bar complaint had been filed because the formal charge was not issued until 2014). As a result, Burgin remained suspended and has not been reinstated or restored to practice.

The Board considered all this material and considered two degrees of discipline: a 181-day suspension to be served concurrently with any current suspension or a 181-day suspension to be served consecutively to any current suspension. The Board voted 14–6 in favor of a 181-day concurrent suspension.

4

## II. Adoption of Recommendation and Order

Neither the KBA's Office of Bar Counsel nor Burgin has sought review by the Court under SCR 3.370(7). Furthermore, this Court declines to undertake review pursuant to SCR 3.370(8). As a result, the Board's decision is adopted in full pursuant to SCR 3.370(9).

It has recently come to this Court's attention that Burgin still has not attended the EPEP as previously ordered, nor has he complied with the other conditions in the 2013 suspension. Indeed, this Court notes that it has issued a show-cause order in that case (No. 2013-SC-000689-KB), that Burgin has failed to respond to the order, and that, as a result, the remainder of the 60-day suspension in that case shall be imposed in a separate order entered at the same time as this Opinion and Order. The Court is also cognizant of the fact that the trial commissioner in that case noted that Burgin had a "languid, if not cavalier, attitude with regard to his practice," that Burgin "exhibits an extreme[ly] lackadaisical and disconcerting nature and lack of diligence in the performance of his practice," that "[h]is delays in taking any remedial action, despite potential for consequences, were inexcusable," and that "[h]is pattern of conduct leaves much to be desired and exhibits a clear violation of the duties owed to his client and the profession as a whole." *Burgin*, 412 S.W.3d at 875. Burgin's failure to participate in this matter further confirms the trial commissioner's conclusions, and supports this Court's acceptance of the sanction proposed by the Board of Governors.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, Russell W. Burgin, is found guilty of having committed the violation of the Rules of Professional Responsibility as described above.

(2) Burgin is suspended from the practice of law in the Commonwealth of Kentucky for 181 days. The suspension imposed by this order shall be concurrent with any other existing suspension in effect when the suspension ordered here takes effect.

(3) As required by SCR 3.390, Burgin, to the extent necessary given that he is currently suspended, will within 10 days after the issuance of this order of suspension from the practice of law for more than 60 days, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Burgin shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Burgin shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

(4) As stated in SCR 3.390(a), this order shall take effect on the tenth day following its entry. Burgin is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees, and shall comply with the provisions of SCR 3.130-7.50(5).

(5)     In accordance with SCR 3.450, Burgin is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $515.41, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: December 18, 2014.

_____
CHIEF JUSTICE

7