TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000719-KB

FINAL

DATE 3-3-15 E.M.Group.

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                                IN SUPREME COURT

NATHANIEL T. PENDLETON                                    RESPONDENT

## OPINION AND ORDER

Respondent, Nathaniel T. Pendleton, KBA Member No. 93224, was admitted to the practice of law in the Commonwealth of Kentucky on October 23, 2009, and his bar roster address is listed as 201 S. Broadway #1, Georgetown, Kentucky, 40324.

In three disciplinary files the Board of Governors (Board) unanimously found Respondent guilty of all counts charged in each file. For these violations the Board recommends by a vote of 17-2 that Respondent be permanently disbarred from the practice of law.

### I. BACKGROUND

**A. KBA File No. 21818**

Respondent was suspended from the practice of law for nonpayment of bar dues on January 23, 2013, and has not been reinstated. Following his suspension, however, Respondent continued to practice law in Fayette and

Woodford Counties, during which time he continued to represent clients and make appearances and file court documents on their behalf, including Daniel James Price, Andrew Wiggens, and Justin Lee Chaplin. Following the initiation of the complaint and charges in this file, Respondent failed to respond in any manner.

As a result of the above conduct Respondent was charged with violating SCR 3.130-5.5(a)[1] for practicing law on a suspended license; SCR 3.130-3.4(c)[2] for knowingly disobeying an obligation under the rules of a tribunal; and SCR 3.130-8.1(b)[3] for knowingly failing to respond to a lawful demand for information by the KBA.

## B. KBA File No. 22616

While his license was suspended, Respondent represented Daniel J. Price in a divorce proceeding in Woodford County and appeared in court on Mr. Price's behalf on February 5, 2013. Further, Respondent failed to communicate with Mr. Price and repeatedly cancelled appointments during the representation. Respondent also failed to file documents with the court in a timely manner. Mr. Price ultimately terminated the attorney-client relationship

---

[1] "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so[.]"

[2] "A lawyer shall not: knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists[.]"

[3] "An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not: . . . fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority . . . ."

2

and requested his file from Respondent; however, Respondent failed to turn over the file or any documentation filed with the Court despite Mr. Price's numerous requests. Following the filing of the complaint and charges in this file, Respondent again failed to respond in any manner.

As a result of the above conduct, Appellant was charged with violating SCR 3.130-1.3[4] for failing to act with reasonable diligence and promptness in representing a client; SCR 3.130-1.4[5] for failing to keep a client reasonably informed about the status of the case and to promptly comply with reasonable requests for information; SCR 3.130-1.16(d)[6] for failing to promptly return Mr. Price's file; SCR 3.130-5.5(a) for practicing law in violation of the applicable Supreme Court and KBA rules; and SCR 3.130-8.1(b) for failure to respond to the KBA's lawful demand for information.

---

[4] "A lawyer shall act with reasonable diligence and promptness in representing a client."

[5] "(a) A lawyer shall: (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules; (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished; (3) keep the client reasonably informed about the status of the matter; (4 )promptly comply with reasonable requests for information; and (5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law. (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[6] "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

3

## C. KBA File No. 22616

Following Respondent's suspension from the practice of law, as noted above, Respondent was retained by Richard Hash to represent him in an uncontested divorce proceeding in Fayette County; however, Respondent never filed the dissolution petition to initiate the proceeding. Despite never having even initiated the proceeding, Respondent gave Mr. Hash an order purportedly granting his divorce, but which was actually an order relating to an entirely different divorce case. In an attempt to further cover-up his improper actions, Respondent later filed a divorce petition in Jessamine County and falsified the petition to reflect that it had been prepared and filed by another attorney. Upon investigation by the Inquiry Commission, the listed attorney advised that she did not file that Jessamine County petition and is not employed with the Pendleton Law Office. Following the filing of the complaint and charges in this file, Respondent failed to respond in any manner.

As a result of the above conduct Respondent was charged with violating SCR 3.130-5.5(a) for practicing law while his license was suspended; SCR 3.130-3.3[7] for making a false statement to a tribunal; SCR 3.130-3.4(b)[8]

---

[7] "(a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; (2) fail to disclose to the tribunal published legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false . . . ."

falsifying a court filing; SCR 3.130-8.1(b) failing to respond to the KBA's request for information; and SCR 3.130-8.4(c)[9] for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

## II. DISCIPLINE

Neither the KBA's Office of Bar Counsel nor Respondent have sought review by the Court under SCR 3.370(7),[10] and this Court declines to undertake review pursuant to SCR 3.370(8).[11] Therefore, the Board's recommendation is hereby adopted pursuant to SCR 3.370(9).[12]

**ACCORDINGLY, IT IS ORDERED THAT:**

1) Respondent, Nathaniel T. Pendleton, KBA Number 93224, 201 S. Broadway #1, Georgetown, Kentucky, 40324, is adjudged guilty of the above-described violations of the Rules of Professional Conduct;

2) Respondent is permanently disbarred from the practice of law in Kentucky;

3) Pursuant to SCR 3.390, Respondent shall, if he has not already done so, within ten (10) days from the entry of this Opinion and Order, notify all clients,

---

[8] "A Lawyer shall not: knowingly falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law[.]"

[9] "It is professional misconduct for a lawyer to: . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

[10] "Within thirty (30) days after the Board's decision is filed with the Disciplinary Clerk, Bar Counsel or the Respondent may file with the Court a Notice for the Court to review the Board's decision stating reasons for review . . . ."

[11] "If no notice of review is filed by either party, the Court may notify Bar Counsel and Respondent that it will review the decision."

[12] "If no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

5

in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Respondent shall immediately cancel and cease any advertising activities in which he is engaged; and

4) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $693.20 for which execution may issue from this Court upon finality of this Opinion and Order.

Minton, C.J., Abramson, Cunningham, Keller, Noble and Venters, JJ., sitting. All concur.

ENTERED: February 19, 2015.

_____
CHIEF JUSTICE