# Supreme Court of Kentucky

TO BE PUBLISHED
FINAL
DATE 5-27-15 EInAGrowmP.C

2015-SC-000049-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                              IN SUPREME COURT


RUSSELL W. BURGIN                                          RESPONDENT


## OPINION AND ORDER

The Respondent, Russell W. Burgin,[1] is alleged to have committed four violations of the Rules of Professional Conduct. He did not respond to the bar complaint or the resulting formal charge, and thus this matter has proceeded as a default case under Supreme Court Rule 3.210. The Board of Governors has reviewed the matter and has recommended that Burgin be found guilty of all four counts and be suspended from the practice of law for 181 days. This Court accepts the recommendation.

## I. Background

The present case stems from KBA File 22690, which concerns the following facts.

Burgin was hired by Sharon Roundtree in April 2012 to represent her in an uncontested divorce. She apparently paid Burgin's fee in installments, and the final payment was made in June 2012, at which time Burgin was to proceed with the divorce action.

---

[1] Burgin's KBA Member Number is 88688 and his Bar roster address is 1249 S. Main St., Suite 3, London, Kentucky 40741. He was admitted to the Kentucky Bar on May 1, 2001.

Burgin filed the divorce petition in Laurel Circuit Court in August 2012. Roundtree and her then husband entered into a written separation agreement in October 2012. After that point, however, Burgin did not take the necessary steps to complete the divorce. As of January 2015, no divorce decree had been entered, and Roundtree claims that she lacks the financial resources to hire a new attorney to finish the divorce action.

Roundtree repeatedly attempted to contact Burgin about her case and requested information about its status. Burgin failed to respond to these inquiries. Burgin also failed to refund any of the fees paid by Roundtree.

In March 2014, Roundtree filed a bar complaint, to which Burgin never responded. In September 2014, the Inquiry Commission issued a four-count charge against Burgin alleging the following violations:

1) SCR 3.130-1.3[2] by failing to act with reasonable diligence and promptness in dealing with the divorce action.

2) SCR 3.130-1.4(a)(3)[3] by failing to keep Roundtree reasonably informed about the status of the matter, and SCR 3.130-1.4(a)(4)[4] by failing to promptly reply to Roundtree's reasonable requests for information.

3) SCR 3.130-1.16(d)[5] by failing to give reasonable notice to Roundtree that he had abandoned the matter and thereby ended the representation.

---

[2] "A lawyer shall act with reasonable diligence and promptness in representing a client." SCR 3.130-1.3.

[3] "A lawyer shall ... keep the client reasonably informed about the status of the matter ...." SCR 3.130-1.4(a)(3).

[4] "A lawyer shall ... promptly comply with reasonable requests for information ...." SCR 3.130-1.4(a)(4).

2

4) SCR 3.130-8.1(b)[6] for failing to respond to the bar complaint despite having been warned that the failure to respond could result in additional charges of misconduct under this rule.

Burgin signed for the charge when it was sent by certified mail, but he never answered it. As a result, this case proceeded directly to the Board of Governors as a default case. The Board voted unanimously (18–0) to find Burgin guilty of all four counts.

The Board then considered Burgin's history of discipline, which at this point is lengthy. In 2011, he received a private admonition in KBA File 18871. In March 2012, he was suspended from the practice of law for 30 days in KBA File No. 18048, probated for one year on the condition that he attend the Office of Bar Counsel's Ethics Professionalism and Enhancement Program (EPEP). *Burgin v. Kentucky Bar Ass'n*, 362 S.W.3d 331 (Ky. 2012). In November 2013, he was suspended for 60 days in KBA File 19913, with 30 days probated for two years on various conditions, including that he attend the EPEP as previously ordered. *Kentucky Bar Ass'n v. Burgin*, 412 S.W.3d 872 (Ky. 2013). Burgin failed to comply with conditions of his probation in that case, and as a result, Burgin was ordered to serve the remainder of his suspension. *See*

---

[5] "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law." SCR 3.130-1.16(d).

[6] "[A] lawyer ... in connection with a disciplinary matter ... shall not ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6." SCR 3.130-8.1(b).

*Kentucky Bar Association v. Burgin*, 448 S.W.3d 256, 258 (Ky. 2014) (discussing revocation). Finally, in December 2014, Burgin was suspended for an additional 181 days. *Id.*

Burgin had been slated to be automatically reinstated to practice in December 2013 because, at that time, he was serving only a 30-day suspension. Because of the new charges then pending, however, the Office of Bar Counsel objected to his reinstatement under SCR 3.510(2). As a result, he has been suspended from practice continuously since November 2013.

The Board considered all this material and considered only one discipline: a 181-day suspension to be served consecutively to any current suspension. The Board voted 18–0 in favor of that sanction, along with a referral to and assessment by KYLAP before any reinstatement.

## II. Adoption of Recommendation and Order

Neither the KBA's Office of Bar Counsel nor Burgin has sought review by the Court under SCR 3.370(7).

The next question, however, is whether this Court should undertake its own review under SCR 3.370(8). As noted above, Burgin has an extensive history of discipline, though it relates to the period beginning roughly in 2008 and lasting to 2012. Burgin has failed to comply with this Court's disciplinary orders. And, as noted in an earlier case, this Court is cognizant of the fact that a trial commissioner has noted that Burgin had a "languid, if not cavalier, attitude with regard to his practice," that Burgin "exhibits an extreme[ly] lackadaisical and disconcerting nature and lack of diligence in the performance of his practice," that "[h]is delays in taking any remedial action, despite

4

potential for consequences, were inexcusable," and that "[h]is pattern of conduct leaves much to be desired and exhibits a clear violation of the duties owed to his client and the profession as a whole." *Burgin*, 412 S.W.3d at 875. Burgin's failure to participate in the disciplinary proceedings against him, at least after the 2013 case, raises further flags.

This pattern of misconduct, albeit largely confined to the four-year period leading to Burgin's suspension in 2013, and Burgin's noncompliance suggests that yet another suspension will be ineffective. But this Court does not take the Board's recommendation lightly, and it is apparent from the Board's recommendation of a mandatory KYLAP referral that Burgin may be suffering from a substance-abuse or other mental health problem, which may have contributed to his misconduct. For these reasons, this Court will not undertake an independent review of *this* case.

The disciplinary process is as much about protecting the public and "safeguard[ing] the public trust in the profession of law," *Grigsby v. Kentucky Bar Ass'n*, 181 S.W.3d 40, 42 (Ky. 2005), as it is about punishing bad acts by lawyers. The length of the recommended suspension means that Burgin will have to proceed before the Character and Fitness Committee before he can be reinstated, and a mandatory referral to and assessment by KYLAP before reinstatement provides yet another layer of protection. These are adequate safeguards of the public trust at this time.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

5

(1)  Respondent, Russell M. Burgin, is found guilty of having committed the violation of the Rules of Professional Responsibility as described above.

(2)  Burgin is suspended from the practice of law in the Commonwealth of Kentucky for 181 days. The suspension imposed by this order shall be consecutive to any other ordered suspension in effect when the suspension ordered here takes effect.

(3)  Burgin is also referred to KYLAP, which shall be served a copy of this order, and must undergo an assessment by KYLAP before he may be reinstated.

(4)  As required by SCR 3.390, Burgin, to the extent necessary given that he is currently suspended, will within 10 days after the issuance of this order of suspension from the practice of law for more than 60 days, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Burgin shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Burgin shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

(5)  As stated in SCR 3.390(a), this order shall take effect on the tenth day following its entry. Burgin is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of

suspension accept new clients or collect unearned fees, and shall comply with the provisions of SCR 3.130-7.50(5).

(6) In accordance with SCR 3.450, Burgin is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $335.85, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 14, 2015.

CHIEF JUSTICE