TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000248-KB

**FINAL**

**DATE** 10-6-15 _illegible handwriting_

KENTUCKY BAR ASSOCIATION

MOVANT

V.                                    IN SUPREME COURT

RUSSELL W. BURGIN                                    RESPONDENT

## OPINION AND ORDER

Russell W. Burgin was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2001. His Kentucky Bar Association (KBA) number is 88688 and his bar roster address is 1249 South Main St., Ste. 3, London, Kentucky 40741. The KBA's Board of Governors considered a total of seven counts against Burgin in this matter; the charge reached the Board as a default case pursuant to SCR 3.210. The Board unanimously found Burgin guilty of all seven counts. As for disciplinary action, thirteen of the members of the Board voted that Burgin be suspended from the practice of law for one year, such suspension to run consecutively to any current suspension, and five members voted for a five-year suspension to be served consecutively to any current suspension.

Pursuant to SCR 3.370(7), after the Board of Governors files its decision with the Disciplinary Clerk, either Bar Counsel or the Respondent may file with this Court a notice of review. If neither party files a notice of review (as is the

case here), this Court has two options: 1) under SCR 3.370(8) we may inform Bar Counsel and Respondent that we will review the decision and order the parties to file briefs or 2) under SCR 3.370(9) we may enter an order adopting the decision of the Board. We exercise our authority under SCR 3.370(9) and adopt the recommendation of the Board.

## I. BACKGROUND

The counts of misconduct leveled against Burgin in this matter all relate to his representation of Joy Tussey. Tussey hired Burgin to represent her in a breach of contract action in May 2013. She paid Burgin a non-refundable retainer of $2,000, which included prepayment of costs for filing fees and fees for service of process. For several months, Burgin led Tussey to believe that he had filed a complaint on her behalf, when he had, in fact, done no work at all on her case. During this time, Tussey had difficulty contacting Burgin or learning anything substantive about her case.

In November 2013, this Court suspended Burgin from the practice of law for sixty days, thirty of which were to be served, with the balance being probated for two years with conditions. That suspension became effective December 1, and is still in effect, as Bar Counsel filed an objection to Burgin's automatic reinstatement due to unrelated pending charges. On December 18, while suspended from the practice of law, Burgin asked Tussey to file a civil complaint that he had drafted and signed on her behalf. Though Tussey had already advanced the filing fee to Burgin, she was required to pay it again. In spite of the fact that Burgin had not been reinstated to the practice of law, he

2

continued representing Tussey in the matter, eventually filing and receiving a default judgment in her favor.

Tussey filed a bar complaint against Burgin in April 2014. The Laurel County Sheriff served Burgin with the complaint, but Burgin failed to respond to in any way. When the Inquiry Commission issued a seven-count charge against Burgin, personal service and service by certified mail both failed, and service was completed through the KBA's executive director. Burgin never responded to the charge.

Based on the aforementioned facts, the Inquiry Commission's seven-count charge alleged that Burgin violated: (1) SCR 3.130-1.3 when he fialed to act with reasonable diligence and promptness in representing Tussey; (2) SCR 3.130-1.4(a)(3) when he failed to keep Tussey reasonably informed about the status of her case; (3) SCR 3.130-1.4(a)(4) when he failed to promptly comply with Tussey's reasonable requests for information; (4) SCR 3.130-1.16(d) when he did not protect Tussey's interests upon termination of representation, as he failed to give her reasonable notice to allow time for employment of other counsel, failed to surrender papers and property to which Tussey was entitled, and failed to refund any advance payment of fee or expense that had not yet been earned; (5) 3.130-5.5(a) when he practiced law in Kentucky in spite of his suspension from the practice of law; (6) SCR 3.130-8.1(b) when he knowingly failed to respond to the bar complaint and charge issued against him; and (7) SCR 3.130-8.4(c) when he engaged in conduct "involving dishonesty, fraud, deceit or misrepresentation."

As previously stated, the Board of Governors unanimously found Burgin guilty of all seven counts.

## II. ANALYSIS

In reaching its recommendation for disciplinary action, the Board of governors considered Burgin's lengthy prior disciplinary history which we will quote from another recent case against Burgin:

> In 2011, he received a private admonition in KBA File 18871. In March 2012, he was suspended from the practice of law for 30 days in KBA File No. 18048, probated for one year on the condition that he attend the Office of Bar Counsel's Ethics Professionalism and Enhancement Program (EPEP). *Burgin v. Kentucky Bar Ass'n*, 362 S.W.3d 331 (Ky.2012). In November 2013, he was suspended for 60 days in KBA File 19913, with 30 days probated for two years on various conditions, including that he attend the EPEP as previously ordered. *Kentucky Bar Ass'n v. Burgin*, 412 S.W.3d 872 (Ky.2013). Burgin failed to comply with conditions of his probation in that case, and as a result, Burgin was ordered to serve the remainder of his suspension. *See Kentucky Bar Association v. Burgin*, 448 S.W.3d 256, 258 (Ky.2014) (discussing revocation). Finally, in December 2014, Burgin was suspended for an additional 181 days. *Id.*

*Kentucky Bar Ass'n v. Burgin*, ----S.W.3d----, No. 2015-SC-000049-KB, 2015 WL 2340615, at *2 (Ky. May 14, 2015). In addition to the disciplinary history described in that case, he also received another one-hundred-eighty-one-day suspension, to be served consecutively with his previous suspensions. We also included a requirement that Burgin submit to a KYLAP assessment prior to being reinstated to the practice of law.

The Board considered two possible degrees of suspension: a one-year suspension to be served consecutively to any current suspension and a five-year suspension, also to be served consecutively. The Board voted in favor of

4

the one-year suspension by a vote of thirteen to five. We agree with the Board's recommendation, and again borrow from our last opinion concerning Burgin as to the reasoning:

> As noted above, Burgin has an extensive history of discipline, though it relates to the period beginning roughly in 2008 and lasting to 2012. Burgin has failed to comply with this Court's disciplinary orders. And, as noted in an earlier case, this Court is cognizant of the fact that a trial commissioner has noted that Burgin had a "languid, if not cavalier, attitude with regard to his practice," that Burgin "exhibits an extreme[ly] lackadaisical and disconcerting nature and lack of diligence in the performance of his practice," that "[h]is delays in taking any remedial action, despite potential for consequences, were inexcusable," and that "[h]is pattern of conduct leaves much to be desired and exhibits a clear violation of the duties owed to his client and the profession as a whole." *Burgin,* 412 S.W.3d at 875. Burgin's failure to participate in the disciplinary proceedings against him, at least after the 2013 case, raises further flags.
>
> This pattern of misconduct, albeit largely confined to the four-year period leading to Burgin's suspension in 2013, and Burgin's noncompliance suggests that yet another suspension will be ineffective. But this Court does not take the Board's recommendation lightly, and it is apparent from the Board's recommendation of a mandatory KYLAP referral that Burgin may be suffering from a substance-abuse or other mental health problem, which may have contributed to his misconduct. For these reasons, this Court will not undertake an independent review of *this* case.
>
> The disciplinary process is as much about protecting the public and "safeguard[ing] the public trust in the profession of law," *Grigsby v. Kentucky Bar Ass'n,* 181 S.W.3d 40, 42 (Ky.2005), as it is about punishing bad acts by lawyers. The length of the recommended suspension means that Burgin will have to proceed before the Character and Fitness Committee before he can be reinstated, and a mandatory referral to and assessment by KYLAP before reinstatement provides yet another layer of protection. These are adequate safeguards of the public trust at this time.

*Id.* at *2-3.

5

Burgin must serve his current suspensions, complete the ordered EPEP class, submit to a KYLAP assessment, serve an additional, consecutive one-year suspension from the practice of law, and then go back before Character and Fitness, all in order to *even be considered for reinstatement* to the practice of law. We hold that these safeguards are adequate and, therefore, adopt the Board's recommendation.

### III. ORDER

Agreeing that the Board's recommendation is appropriate, it is ORDERED that:

1. Russell M. Burgin, is found guilty of violating the Rules of Professional Responsibility as described above.

2. Burgin is suspended from the practice of law in the Commonwealth of Kentucky for one year. The suspension imposed by this order shall be consecutive to any other ordered suspension in effect when the suspension ordered here takes effect.

3. As required by SCR 3.390, Burgin, to the extent necessary given that he is currently suspended, will within 10 days after the issuance of this order of suspension from the practice of law for more than 60 days, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Burgin shall simultaneously provide a copy of all such letters of notification

6

to the Office of Bar Counsel. Burgin shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

4. As stated in SCR 3.390(a), this order shall take effect on the tenth day following its entry. Burgin is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees, and shall comply with the provisions of SCR 3.130–7.50(5).

5. In accordance with SCR 3.450, Burgin is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $651.14, for which execution may issue from this Court upon finality of this Opinion and Order.

All Sitting, All Concur.

ENTERED: September 24, 2015.

CHIEF JUSTICE