TO BE PUBLISHED

# Supreme Court of Kentucky

### 2016-SC-000098-KB and 2016-SC-000203-KB

DATE 9/7/16 Kim Redmon DC

KENTUCKY BAR ASSOCIATION                                                      MOVANT

V.                          IN SUPREME COURT

RUSSELL W. BURGIN                                          RESPONDENT
KBA MEMBER NO. 88688

## OPINION AND ORDER IMPOSING DISBARMENT

Respondent, Russell W. Burgin, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2001. His Kentucky Bar Association (KBA) member number is 88688. In 2014, the KBA Inquiry Commission issued three separate disciplinary charges against Respondent in KBA File Numbers 22727, 23233, and 23250.

The KBA Board of Governors (the "Board") issued its Findings of Fact, Conclusions of Law, and Recommendations and ultimately found Respondent guilty of committing seven of the eight alleged disciplinary infractions. The Board recommended a five-year suspension for KBA File Number 22727. The Board recommended permanent disbarment in KBA File Numbers 23233 and 23250. For the reasons stated herein, we agree with the Board's recommendation.

# I. BACKGROUND

## A. KBA FILE 22727

Respondent was suspended from practicing law in Kentucky on November 21, 2013, for his failure to comply with continuing-legal-education requirements. While suspended, Respondent filed two separate marriage dissolution petitions in Laurel Circuit Court in 2014. Following the filing of the complaint and charges in this file, Respondent failed to respond in any manner.

Respondent was charged with violating SCR 3.130-1.3 (requiring reasonable diligence); SCR 3.130-1.4(a)(3) and (4) (requirement to promptly provide the client with necessary information and promptly respond to the client's reasonable requests for information); SCR 3.130-8.1(b) (failing to respond to lawful demands for information from a disciplinary authority; SCR 3.130-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and SCR 3.130-5.5(a) ("A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.").

After reviewing Respondent's extensive disciplinary background, which will be subsequently discussed, the Board voted as follows: 15 votes in favor of a five year consecutive suspension; and 3 votes for permanent disbarment.

## B.    KBA FILE 23233 and KBA FILE 23250

While on suspension in 2014, Respondent appeared in Fayette District Court on behalf of a client, James E. Reed, pertaining to Mr. Reed's

2

misdemeanor charge. When his membership status was questioned in open court by the presiding district judge, Respondent represented to the court that he had been reinstated to practice, which was false. Following the filing of the complaint and charges in this file, Respondent failed to respond in any manner.

Respondent was charged with violating SCR 3.130-5.5(a) ("A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so."); and SCR 3.130.8.4(c) (prohibiting an attorney "from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.").

While on suspension, Respondent also filed a dissolution of marriage petition in Laurel Circuit Court on January 28, 2014. *Chambers v. Chambers*, Laurel Circuit Court, Case Number 14-CI-00076. Respondent contacted the opposing party, Mrs. Chambers, on at least 15 occasions and intimidated her so that she would agree to a final decree before his client, Mr. Chambers, had discharged mutually agreed upon settlement terms. Mrs. Chambers filed a verified Complaint against Respondent on October 17, 2014. Following the filing of the complaint and charges in this file, Respondent failed to respond in any manner.

Respondent was charged with violating SCR 3.130-5.5(a) (A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.")

3

The Board considered KBA File 23233 and KBA File 23250 together as one case. In deciding these matters, the Board reviewed Respondent's extensive disciplinary background. This included the Board's still pending recommendation in *KBA v. Burgin*, 2016-SC-98 (KBA File 22727) (recommending five year suspension), one case that resulted in a private admonition in 2011, as well as the following cases: *Burgin v. KBA*, 362 S.W.3d 331 (Ky. 2012); *KBA v. Burgin*, 412 S.W.3d 872 (Ky. 2013); *KBA v. Burgin*, 448 S.W.3d 256 (Ky. 2014); *KBA v. Burgin*, 461 S.W.3d 401 (Ky. 2015); and *KBA v. Burgin*, 469 S.W.3d 832 (Ky. 2015). All of these cases resulted in orders imposing temporary suspension. After reviewing the record in the present case and Respondent's disciplinary history, the Board voted as follows: 5 votes for a consecutive suspension; and 14 votes for permanent disbarment.

In light of Respondent's failure to answer any of the pending charges as well as his extensive disciplinary history resulting from a sundry of violations, each of which warranted temporary suspension, we agree with the majority of the Board that permanent disbarment is appropriate here. Our decision is further fortified by the fact that one of Respondent's most current offenses involved him lying to a judge in open court when Respondent's membership status was questioned by the judge. This behavior demonstrates a complete disregard for the Court of Justice and the rules of ethics that is unlikely to be remedied by yet another order of suspension.

Moreover, we have imposed disbarment under similar circumstances. In *KBA v. Pendleton*, for example, we imposed permanent disbarment on the

4

respondent having found him guilty of the following offenses: 1) the unauthorized practice of law during disciplinary suspension; 2) multiple acts of misconduct including making false statements to a tribunal; and 3) failing to cooperate in disciplinary proceedings. 452 S.W.3d 607 (Ky. 2015). *See also, KBA v. Schott*, 353 S.W.3d 621 (Ky. 2011) (imposing permanent suspension due in part to attorney's disciplinary history and his failure to cooperate with the disciplinary process).

ACCORDINGLY, IT IS ORDERED:

1. Respondent, Russell W. Burgin, KBA Member Number 88688, is found guilty of violating the Kentucky Rules of Professional Conduct, including SCR 3.130-1.4(a)(3) and (4); three counts of SCR 3.130-5.5(a); two counts of SCR 3.130-8.4(c); and SCR 3.130-8.1(b);

2. Respondent is permanently disbarred from the practice of law in the Commonwealth of Kentucky, effective from the entry of this Opinion and Order;

3. Pursuant to SCR 3.390, Respondent shall, if he has not already done so, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Respondent shall immediately cancel and cease any advertising activities in which he is engaged; and

4. Pursuant to SCR 3.450, Respondent is directed to pay all costs associated

5

with these disciplinary proceedings, in the amount of $648.14 for which execution may issue from this Court upon finality of this Order.

All sitting. All concur.

ENTERED: August 25, 2016.

_____
CHIEF JUSTICE